

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,465-01

**EX PARTE JUDIST LAMOND BROUSSARD, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1256403-A IN THE 337TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to imprisonment for life. The First Court of Appeals affirmed his conviction. *Broussard v. State*, No. 01-15-00074-CR (Tex. App.—Houston [1st Dist.] Dec. 10. 2015)(not designated for publication) .

Applicant contends, among other things, that trial counsel rendered ineffective assistance because counsel failed to object to the testimony of Juan Figueredo, which consisted of hearsay statements made by John Siros, a non-testifying witness, in violation of the Confrontation Clause.

Counsel objected to the introduction of the testimony in question as hearsay, and the trial court overruled the objections, allowing the testimony in under the statement against interest exception to the hearsay rule. However, there is nothing in the record to indicate whether counsel made any objection under the Confrontation Clause, and if not, why not. *See Crawford v. Washington*, 541 U.S. 36, 69 (2004). Applicant also alleges that appellate counsel failed to raise on appeal (1) that the trial court erred by allowing the hearsay testimony of Juan Figueredo and the statements of a non-testifying witness, John Siros, in violation of the Confrontation Clause, and (2) trial court error for overruling counsel's 403 objections to the inadmissible victim character testimony of Anna Castillo. In his memorandum, Applicant specifies the objectionable testimony of both Figueredo and Castillo.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court should consider the specific objectionable testimony made in Applicant's separate memorandum when assessing Applicant's claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether trial counsel's deficient

performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether appellate counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 1, 2017
Do not publish